DANA McRAE, State Bar No. 142231
County Counsel, County of Santa Cruz
JASON M. HEATH, State Bar No. 180501
Assistant County Counsel
701 Ocean Street, Room 505
Santa Cruz, California 95060
Telephone: (831) 454-2040
Fax: (831) 454-2115

**Attorneys for Defendants**



IT IS SO ORDERED
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| HILLARY L. FALCONER and D.W. FALCONER, INC., dba BRIARCLIFF FARM,<br><br>Plaintiffs,<br>v.<br><br>COUNTY OF SANTA CRUZ, COUNTY OF SANTA CRUZ BOARD OF SUPERVISORS, JANET K. BEAUTZ, DAVID LAUGHLIN, RICHARD NIEUWSTAD, NANCY COLE, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. C 06-04240 JW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND REQUEST FOR FURTHER STAY OF PROCEEDINGS**<br><br>**ORDER GRANTING FURTHER STAY OF PROCEEDINGS** |
|---|---|

The parties to this action jointly submit the following Case Management Conference Statement and, as set forth in further detail below, request a further stay of these proceedings.

**DESCRIPTION OF THE CASE**

1. <u>A brief description of the events underlying the action</u>: Plaintiffs Hillary L. Falconer and D.W. Falconer, Inc., dba Briarcliff Farm own real property consisting of a home and horse farm located at 2655 Soquel, San Jose Road, Soquel, CA 95073, described as APN 103-181-24. The horse operation on the subject property was built prior to 1980 and Plaintiffs contend that any zoning or permit requirements were grandfathered in under Santa Cruz County policy. Plaintiffs also contend that the remaining facilities on the Briarcliff Farm were all previously permitted or built long ago, prior to the inception of county requirements and therefore also are grandfathered in. The

two exceptions are a bunkhouse for workers and a nonusable trailer.  The bunkhouse required an after-the-fact permit, changing the use to storage or being torn down.

The complaint seeks damages and equitable relief in that beginning in 1997 defendants red-tagged the entire horse operation and most of the remaining structures and facilities alleging violations of Santa Cruz County codes, resulting in alleged severe damage to plaintiffs in that they no longer could refinance or sell the subject property during this nine-year period.  This also meant that plaintiffs could not afford to upgrade and maintain these facilities so as to be competitive.

2. <u>The principal factual issues which the parties dispute:</u>
   A. Whether the red tags issued by the County of Santa Cruz were proper.
   B. Whether Plaintiffs' structures and operation were grandfathered and therefore did not need permits.
   C. When certain structures and/or operations began or were conducted on the property.
   D. What conduct or acts were performed by County personnel, including a local supervisor.
   E. What conduct by Plaintiffs, if any, contributed to delay and/or obstacles in resolving the red tags.

3. <u>The principal legal issues in dispute are:</u>
   A. Whether any conduct by the County and/or its agents and employees violated any constitutional or statutory rights of Plaintiffs.
   B. Whether Plaintiffs can establish any *Monell* liability by the County.
   C. Whether the individual defendants are entitled to qualified immunity.
   D. Whether any act by the County or its agents and/or employees constituted any taking of Plaintiffs' property rights.
   E. Whether Plaintiffs can establish any instance of fraud by any defendant.
   F. Whether exemplary damages are warranted based on alleged conduct by defendants.

///

///

## ALTERNATIVE DISPUTE RESOLUTION

In September 2007, the Court stayed this case in its entirety so that the parties could try to negotiate a settlement. Settlement of the case is complicated as it involves land-use, zoning, and building issues. The parties are negotiating in good faith and jointly request that the Court vacate the Case Management Conference scheduled for February 4, 2008 and schedule a new conference for 60 days from now, with the parties to update the Court again via a Case Management Conference Statement. If the parties are unsuccessful in negotiating an agreement on their own, the parties will request a referral to Magistrate Judge Richard Seeborg for a settlement conference.

## DISCLOSURES

10. The parties certify that they have made the following disclosures: Plaintiffs and defendants have made their initial disclosure pursuant to FRCP 26.

## DISCOVERY

11. Discovery is completed.

## TRIAL SCHEDULE

12. Defendants took their summary judgment motion off-calendar when the Court stayed the case in September 2007. Defendants plan to re-calendar the motion if the pending settlement negotiations are unsuccessful. Given the state of the proceedings, the parties are not prepared to suggest a date for a final pretrial conference or a trial.

13. The parties expect that the trial will last for the following number of days: 7 to 10 days.

## IDENTIFICATION OF LEAD COUNSEL

Trial counsel for Plaintiffs: Ronald Zumbrun, 3800 Watt Ave., Ste. 101, Sacramento, California 95821, (916) 486-5900.

///
///
///
///

| | |
|---|---|
| 1 | <u>Trial counsel for Defendants</u>:  Jason M. Heath, Asst. County Counsel, County of Santa Cruz, |
| 2 | 701 Ocean Street, Rm. 505, Santa Cruz, California, (831) 454-2049. |

Dated: January 22, 2008                    DANA McRAE, COUNTY COUNSEL

By: _____/S/_____
    JASON M. HEATH
    Assistant County Counsel
    **Attorneys for Defendants**

Dated: January 22, 2008                    THE ZUMBRUN LAW FIRM

By: _____/S/_____
    RONALD A. ZUMBRUN
    **Attorneys for Plaintiff**

**\*\*\* ORDER \*\*\***

In light of the parties' representations, the Court GRANTS the parties' request for a further stay to facilitate their settlement efforts.  However, as this case has been stayed since September 2007 with little progress toward finalizing the settlement, this is the parties' *last and final* continuance.  The Court continues the stay to **April 14, 2008**.  The Court sets a Case Management Conference on **April 14, 2008 at 10 a.m.**   On or before **April 4, 2008**, the parties shall file a Joint Case Management Statement updating the Court on the status of their settlement efforts.  If the case does not settle by April 4, 2008, the parties shall include a discovery plan in their Joint Statement.

Dated:  January 30, 2008                    _____
                                            JAMES WARE
                                            United States District Judge

-4-